**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALFREDO RAMIREZ**,<br><br>***Plaintiff***,<br>**v.**<br><br>**FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**<br><br>***Defendant*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. EP-26-CV-01954-DCG-MAT** |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION**

The Court considers Plaintiff Alfredo Ramirez's ("Plaintiff") "Motion to Proceed *In Forma Pauperis*" (ECF No. 1), filed on July 21, 2026. The case was assigned to Senior United States District Judge David C. Guaderrama and referred to this Court pursuant to the Standing Order Referring Social Security Cases, dated May 3, 2012.

On July 24, 2026, the Court considered Plaintiff's application and determined it lacked "*any information* as to his spouse's periodic income or expenses." ECF No. 2 at 3. Accordingly, the Court ordered Plaintiff to "supplement his Motion to Proceed *In Forma Pauperis* with a completed and comprehensive AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by **August 7, 2026.**" ECF No. 2 at 3 (emphasis in original). Plaintiff did so on July 31, 2026. *See* ECF No. 4.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing [fees]." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters"; rather, "it is a privilege

extended to those unable to pay filing fees." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) (internal quotes omitted) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). Under § 1915(a)(1), "the commencement or filing of the suit depends solely on whether the [plaintiff] is economically eligible." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). To establish eligibility, the plaintiff must "submit[ ] an affidavit that includes a statement of all assets [the plaintiff] possesses that the person is unable to pay such fees," 28 U.S.C. § 1915(a)(1). Therefore, "[t]he only determination" to be made by the Court "is whether the statements in the affidavit satisfy the requirements of poverty." *Watson*, 525 F.2d at 891.

That determination turns on "whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Crim. Just.*, 70 F.3d 1268, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)). In addressing that question, courts consider the plaintiff's present assets, periodic income together with his spouse's periodic income, and periodic expenses, as well as whether the expenses are discretionary or mandatory. *Roden v. Texas*, 58 F.3d 636, 1995 WL 371022 at *2 (5th Cir. June 2, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3); *Fuller v. Kijakazi*, No. EP-22-CV-133-FM-MAT, 2022 WL 20742561, at *1 (W.D. Tex. Apr. 28, 2022). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (collecting cases looking to the Department of Health & Human Services' Poverty Guidelines), *report and recommendation adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022). The fee for filing a civil complaint, such as Plaintiff's, in the United States District court for the Western District of Texas is $405.00. *See* U.S. Dist. Ct. W.

Dist. of Tex., *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Aug. 5, 2026).

In his supplement, Plaintiff indicates he receives Veterans Affairs disability compensation in the amount of $4,584.75 a month and his spouse receives $3,005.00 in employment income and $554.67 in child support a month. ECF No. 4 at 1-2. Together, their household income totals $8,144.42 a month or $97,681.32 per year. *Id.* at 2. Plaintiff lists his monthly expenses as $5,027.39 a month and his spouse's as $2850.33. *Id.* at 5. Together, their household expenses total $7,877.72 a month or $94,532.64 per year. *See id.* Plaintiff does indicate in his thorough supplement that his court ordered child support payment is scheduled to increase from $320.00 a month to $725.00 a month starting on October 1, 2026. *See id.* at 8. The applicable guideline for a family of six[1] s $44,360.00. *See* U.S. Dep't of Health & Hum. Servs., Off. of Assistant Sec'y for Plan. & Evaluation, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Aug. 5, 2026). Plaintiff's combined household income is well above the poverty guidelines and results in discretionary combined income of $266.70 per month.

Moreover, several of Plaintiff's expenses are considered discretionary for IFP purposes. Discretionary expenses include laundry, dry cleaning, and credit card payments. *See e.g.*, *Escalante v. O'Malley*, No. EP-23-CV-00464-RFC, 2024 WL 502319, at *2 (W.D. Tex. Jan. 4, 2024) (finding applicant's laundry and dry cleaning expenses discretionary); *Alvarez v. Tex. Workforce Comm'n*, No. EP-23-CV-00147-DCG, 2023 WL 3046607, at *2 (W.D. Tex. Apr. 20, 2023) (finding credit card payments discretionary for IFP purposes). For example, Plaintiff notes he pays $855.39 a month toward credit card payments and his spouse pays $705.00 per month to

---

[1] The Court understands that one child, "H.R.," lives outside the household but is included for guideline determinations. *See* ECF No. 4 at 6.

the same. ECF No. 4 at 4. They do not list expenses for laundry or dry cleaning. Thus, Plaintiff's discretionary household income is $1,827.09.

In sum, the Court finds that Plaintiff has not shown that he will suffer undue financial hardship or be deprived of the necessities of life after payment of the $405.00 filing fee and recommends that his Motion be denied. *See Moates*, 2022 WL 3566451, at *1 (denying IFP, finding that applicant's "financial affidavit shows he has resources to pay the filing fee" because his annual household income is well above the poverty guidelines). In doing so, the Court primarily relies on the substantial gap between Plaintiff's household income and the poverty guidelines. Still, out of an abundance of caution, the Court recommends that Plaintiff be allowed to pay the $405.00 filing fee in three consecutive monthly installments in the amount of $135.00 each. *See Prows*, 842 F.2d at 140 ("[A] district court may order users of the courts to pay a portion of the filingfees when they are financially able to do so.").

Accordingly, **IT IS RECOMMENDED** that Plaintiff's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff be **ORDERED** to pay the filing fee in three (3) consecutive monthly installments, each in the amount of $135.00, with the first installment being due within ten (10) days after the District Judge's order regarding this Report and Recommendation.

Moreover, to the extent that the District Judge permits Plaintiff to pay the filing fee in installments or requires Plaintiff to pay the fee in full at once, **IT IS RECOMMENDED** that Plaintiff be **CAUTIONED** that failure to timely pay the filing fee completely may result in the dismissal of his case.

**IT IS FINALLY ORDERED** that the Clerk's Office **SHALL NOT DOCKET** Plaintiff's Complaint (ECF No. 1-1) **UNTIL** further order of the undersigned Magistrate Judge or the District Judge.

**SIGNED** and **ENTERED** this 10th day of August, 2026.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**