**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALFREDO RAMIREZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| | § | **EP-26-CV-01954-DCG** |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ACCEPTING REPORT & RECOMMENDATION AND DENYING IFP APPLICATION**

For the following reasons, the Court **ACCEPTS** U.S. Magistrate Judge Miguel A. Torres's recommendation to **DENY** *pro se* Plaintiff Alfredo Ramirez's Application to Proceed *In Forma Pauperis* ("IFP").

## I. BACKGROUND

Plaintiff seeks to file the above-captioned case IFP—that is, without paying the applicable filing fee.[1] Plaintiff's IFP Application was automatically referred to Judge Torres pursuant to the undersigned Judge's "Standing Order Referring Social Security Cases." Judge Torres has now issued a Report and Recommendation ("R. & R.") advising the Court to:

(1) deny the IFP Application; but

(2) let Plaintiff "pay the filing fee in three (3) consecutive monthly installments, each in the amount of $135.00, with the first installment being due within ten (10) days."[2]

---

[1] *See generally* IFP Appl., ECF No. 1.

[2] R. & R., ECF No. 7, at 4.

## II. DISCUSSION

### A. Standard of Review

The standard of review that a District Judge applies when reviewing an R. & R. depends on whether anyone objected to it by the applicable deadline. If a litigant timely objects to a report and recommendation, "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[3] If, however, no one objects by the applicable deadline, "the Court is not required to perform a *de novo* review of the Magistrate Judge's determination"; instead, the Court "need only review it to decide whether the [R. & R.] is clearly erroneous or contrary to law."[4]

### B. Neither Party Objected to the R. & R. by the Applicable Deadline

As the Court now explains, neither party objected to the R. & R. by the applicable deadline.

#### 1. Defendant Didn't Object Within 14 Days

Although the Court didn't expect Defendant to object to Judge Torres's recommendation to deny Plaintiff's IFP Application, Defendant could have conceivably objected to Judge Torres's recommendation to let Plaintiff pay the filing fee in installments.[5] Subject to an

---

[3] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[4] *E.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018).

[5] *See supra* note 2 and accompanying text.

exception discussed below,[6] a litigant ordinarily has 14 days to object to an R. & R.[7] The Clerk of Court served Judge Torres's R. & R. on Defendant on August 10, 2026,[8] so Defendant's 14-day objection deadline expired on August 24, 2026.[9] Defendant didn't file any objections by that date (or any time thereafter).

**2. Plaintiff Didn't Object Within 17 Days**

Notwithstanding the general rule that a litigant has 14 days to object to an R. & R.,[10] a litigant gets an additional three days to object when the Clerk of Court serves the R. & R. on that litigant by mail.[11] The 17-day objection period starts when the Clerk deposits the R. & R. in the mail (rather than, say, when the litigant receives it).[12]

---

[6] *See infra* note 11 and accompanying text.

[7] *See* 28 U.S.C. § 636(b) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

[8] *See* FED. R. CIV. P. 5(b)(2)(E) (providing that the Clerk of Court may serve an order on "a registered user" of "the court's electronic-filing system" "by filing it" with that system, in which case service is typically "complete upon filing"); *see also* R. & R. at 5 (reflecting that the Clerk of Court filed the R. & R. on the Court's electronic docketing system on August 10, 2026, thereby serving the R. & R. on Defendant).

[9] *See supra* note 7 and accompanying text.

[10] *See supra* note 7 and accompanying text.

[11] FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire . . . .").

[12] *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service by mail "is complete upon mailing"); *see also, e.g.*, *Moody v. Wetzel*, No. 20-3258, 2021 WL 3022597, at *1 n.1 (E.D. Pa. July 16, 2021).

The Clerk deposited Judge Torres's R. & R. in the mail on August 11, 2026,[13] so Plaintiff's 17-day objection window closed on August 28, 2026.[14] Plaintiff didn't file any objections by that date (or any time thereafter).

### C. The Court Accepts the R. & R.

Because neither party objected to the R. & R. by the applicable deadline, the Court's review is limited to evaluating whether the R. & R. is clearly erroneous or contrary to law.[15] After carefully reviewing the R. & R., the Court concludes that it's neither of those things.[16]

## III. CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation Regarding Plaintiff's *In Forma Pauperis* Application" (ECF No. 7) **IN FULL**.

The Court thereby **DENIES** Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1).

If Plaintiff wishes to pursue this litigation further, he **MUST EITHER**:

(1) **PAY** the full $405 filing fee by **September 14, 2026**; **OR**

(2) **PAY** the filing fee in three installments as follows:

- (a) a $135 payment by **September 14, 2026**;
- (b) a second $135 payment by **October 14, 2026**; and
- (c) a third $135 payment by **November 13, 2026**.

---

[13] *See* Certified Mail Receipt, ECF No. 8.

[14] *See supra* notes 11–12 and accompanying text.

[15] *See supra* note 4 and accompanying text.

[16] *See generally* R. & R.

If Plaintiff fails to pay the filing fee in accordance with one of the payment plans above, the Court **WILL CONSIDER DISMISSING** this case.

The Clerk of Court shall **NOT** docket Plaintiff's "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (ECF No. 1-1) unless and until Plaintiff pays the entire filing fee (whether in installments or a lump sum).

The Clerk of Court **SHALL MAIL** this Order to:

Alfredo Ramirez
1096 Indigo Sky St.
El Paso, TX 79928

**So ORDERED and SIGNED this 1st day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**